ALEXANDER R. RICHARDS v. ANDREW PATTERSON.

1. STATUTES: REPEAL BY IMPLICATION.—The repeal of a statute by implication is not favored in law, and will not be allowed, unless there be such a repugnancy between it and a later statute, that they cannot both have their appropriate application.
2. TAX SALE: RIGHT OF MINOR TO REDEEM.—The 15th section of the Revenue Act of 1822, (Hutch. Code 172,) allowing minors and insane persons one year after the removal of their disability, in which to redeem their lands, which have been sold for taxes, is still in force.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

*Z. D. Gibbs*, for appellant.
*Sharkey* and *Wilkins*, on same side.

*Daniel Mayes*, for appellee.
*N. G.* and *S. E. Nye*, on same side.

HANDY, J., delivered the opinion of the court.

The appellant filed his bill in the Superior Court of Chancery, stating, in substance, that his father, William L. Richards, died in the year 1833, seised of certain town lots in Yazoo City, and

leaving the appellant his sole heir, and being intestate as to his real estate, except as to its rents and profits; that soon after his death, his three sisters took possession of the lots in controversy, claiming the same under his will, (which, the appellant alleges, left them only the rents and profits,) and for many years held the same, and received the profits; that two of the sisters died, leaving the other sister in possession, who, with her husband, conveyed the lots to the appellee, in January, 1847, in order to defraud the appellant, who was then a minor, and near his majority; that Emmons and his wife, the grantors, failed to pay the taxes on the lots, and permitted them to be sold for taxes, in February, 1845; at which sale Charles F. Hamer became the purchaser : that Emmons and wife failed to redeem the property, as also did Patterson, who purchased from Emmons and wife before the maturity of Hamer's tax title; that Patterson permitted two years to elapse after the tax sale, and then took from Hamer a conveyance for the lots bought by him at the tax sale, and conveying to him, by way of exchange, the residue of the lots conveyed to Patterson by Emmons and wife; that the appellant came of full age in the fall of 1848, and in February, 1849, tendered to Hamer and Patterson the necessary sums of money, and offered to redeem the lots, which offer they both declined; and at April term, 1849, of the Yazoo Circuit Court, he instituted an action of ejectment against the appellee, for the lots in his possession.

The object of the bill is to enjoin the appellee from setting up the title acquired by him under the tax sale, as a defence in this action of ejectment, or from relying on the title derived therefrom.

The appellee demurred to this bill, and the demurrer was overruled. He then answered, denying all fraud or knowledge of Hamer's purchase, until after the tax deed became mature and absolute.

The subsequent pleadings show that the sisters of William L. Richards claimed title to the property under his will, and in virtue of a partition, made by decree in chancery, between the sisters and the appellant, then a minor, and a third party, who was a tenant in common with the testator; and these facts are relied on by the appellee as a protection to his title.

Upon the hearing, the chancellor dismissed the bill, and from that decree this appeal is taken.

It appears by the pleadings, that Emmons and wife claimed title to the lots, under the will of William L. Richards and the decree of partition; and that, while they were in possession under that claim, they conveyed to Patterson for a valuable consideration. This bill alleges that this was done by Emmons and wife to defraud the appellant; but it is not alleged nor shown, that Patterson participated in the alleged fraudulent purpose, nor but that it was a fair and *bonâ fide* purchase on his part, under the belief that he was obtaining a good title. It appears that the tax sale was made before Patterson purchased; and, therefore, whatever of wrong there might have been in the failure of Emmons and wife to pay the taxes, and in permitting the property to be sold to pay them, it could not attach to him. Patterson alleges that he did not know of the tax sale, until after the title to Hamer under it had become absolute; and there is no proof to the contrary of this. Of course, it was neither his duty, nor within his power, to redeem the property from the tax sale.

Thus far, there is nothing shown to entitle the appellant to relief in equity against Patterson.

But the object of the bill is to secure to the appellant the benefit of the right to redeem, on the ground that he was a minor when the property was sold, and that he offered to redeem within twelve months after he became of full age. This right is claimed under the 15th section of the Revenue Act of 1822, (Hutch. Code, 172,) and the appellant was clearly entitled to exercise it, unless that act is abrogated by subsequent acts of the legislature.

It is to be observed that, that act is not expressly repealed by any subsequent statute, and especially by the 27th section of the act of 1846. Hutch. Code, 190. The latter act makes provisions touching the same subject-matter embraced in the act of 1822, but omitting any reference to the right of redemption by minors. There is, therefore, not a necessary repugnancy between the two statutes in this respect; and it must be intended that the legislature, in enacting the latter statute, were satisfied with the provision of the former statute upon the subject, and intended to

make no alteration in it, as was done with regard to other provisions, relative to the right of redemption. The rule is, that the law does not favor a repeal by implication; and it is not to be allowed, unless the repugnancy be quite plain. Bac. Abr. tit. Statute, E. And there appears to be no such conflict between these statutes, as that both may not stand, and have their appropriate application. *White* v. *Johnson,* 23 Miss. 68.

The evidence shows that the appellant had offered to comply with the conditions of redemption, and within the time prescribed by the act of 1822, and the bill also tenders performance of the same conditions; and we think that the appellant was entitled to the relief sought.

The rights of Patterson, under his purchase from Emmons and wife, have been much discussed here; but that matter is not within the scope of this bill, and we are not therefore called upon to pronounce any opinion in relation to the will of the appellant's father, or the rights which passed under it. Those questions may properly arise in the action of ejectment, and are not in any wise to be affected by this decision.

The decree of the chancellor is reversed, and a decree ordered here for the appellant; but under the circumstances of the case, we think it proper that the appellant should pay the costs; which is ordered accordingly.