JOHNSTON STATE REVENUE AGENT v. BROWNS.

[73 South. 721, Division A.]

1. COUNTIES. *Compensation of offices. Auditor. Statutes. Construction.*

Under Code 1906, section 2206, providing that in counties having two judicial districts the officers may be allowed the compensation therein provided for each district, it was the intent of the legislature, that this section should apply to all county officers in the allowance of compensation for their services in counties

composed of two judicial districts. The language "compensation herein provided," as used in this section was not intended to be limited to the compensation allowed as fees to those officers named in Chapter 49, Code 1906.

2. SAME.

In arriving at the spirit and intent of a statute of this kind, it is proper to take into consideration any other statutes in the code relating to the same subject, and if material to each other they should be construed together consistently and harmoniously if possible as one scheme, in order to ascertain the true intent of the legislature in dealing with that particular subject.

3. SAME.

Section 2206, Code 1906 applies to the compensation allowed to county auditors by section 348, Code 1906 and the board of supervisors in counties composed of two judicial districts have the lawful authority, within their discretion to allow the fixed compensation for each district of such counties.

APPEAL from the circuit court of Jasper county.

HON. W. H. HUGHES, Judge.

Suit by J. C. Johnston, state Revenue Agent, against T. Q. Brame. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Frank T. Scott,* for appellant.

The only question that is squarely presented in this case for this court to decide is whether the word "herein" in section 2206 in the chapter on fees in the Code of 1906, was intended by the legislature to apply to the whole Code or was it intended to be limited to the chapter in which it is used.

Appellee discusses very learnedly the rules of construction and shows beyond a question, what had not been denied, that the intent of the legislature shall prevail. But what does he do to show that it was the intent of the legislature that county auditors in double district counties should draw for each district of the county the maxmum amount of salary provided by law for the whole county?

The most that he does is to make the bare assertion that it is apparent to him that the legislature must have intended to provide extra compensation for the extra work required and he does not even show or attempt to show that it was the intent of the legislature that county auditors in double district counties should draw for each district of the county the maximum amount of salary provided by law for the whole county?

The most that he does is to make the bare assertion that it is apparent to him that the legislature must have intended to provide extra compensation for the extra work required and he does not even show or attempt to show that there was any extra work required. He calls attention to two later acts of the legislature, one being chapter 206 of the Laws of 1904, which provides that the board of supervisors of Choctaw county may pay Jesse Hughes, as county auditor, for each district of the county, and the other being chapter 145 of the Laws of 1916, in which all payments and allowances to clerks as county auditors, in counties having two judicial districts, are validated and declared lawful.

I respectfully submit that neither of the above enactments can aid in the solution of the question before the court, unless, indeed, they tend to show that there is no general law under which county auditors can draw the pay of which complaint is made. The act empowering the board of supervisors to give extra pay to Jesse Hughes throws no light on the subject. If it be regarded as an enabling act then it shows that those who secured its passage realized that there was no general law by which it could be drawn. If the legislature was attempting to construe the law then it was assuming a prerogative that is given by the constitution to this court exclusively. To anyone who has any knowledge of the ease with which local measures of this nature can be literally shoved through the legislature, the idea is almost absurd that from them can be ascertained the

intent of the legislature in regard to some important question. Then, too, I desire to call attention to the fact that this local measure was passed in 1904, just ten years after the last legislation in regard to the salary of the county auditor, it having been in 1894 that his salary was placed on a graduated basis.

It is equally true that chapter 145 of the Laws of Mississippi of 1916, can throw no light on the question at issue, for more obvious reasons than those mentioned in the preceding paragraph. In the first place, it is clearly unconstitutional, being violative of section 100 of the Constitution as shown in my original brief. Certainly an unconstitutional act of the legislature cannot be construed to indicate what was intended by a law which was enacted twenty-two years prior to the unconstitutional expression. Then, too, if, appellee, and the other auditors involved thought that by the law as it already stood they were entitled to the money which this suit was instituted to recover, why did they consider it necessary to go to the trouble and expense of lobbying this bill through the legislature? If they felt that the law was as plain as counsel for the appellee now contends it is, why this extra expense and trouble? Certainly they did not think that with public opinion so openly denunciatory of the revenue agent as it was at that time that the courts would be prejudiced against them.

Appellee calls attention to the fact that by sections 2177 and 2171 of the Code the sheriff and circuit clerk for certain services mentioned in said sections, are entitled to draw double pay in double district counties. It will be noted, however, that in every case where such provision is made it is clear that in each district of the county they have exactly the same duties to perform. I shall show later that this is indicative of the fact that the legislature did not intend that county auditors should draw double pay in double district counties.

Having shown that none of the arguments advanced by the appellee with a view to showing the intent of

the legislature in regard to this question. will bear analysis, I desire now to state briefly my reasons for saying that the legislature did not intend that county auditors in double district counties should draw the double pay in question.

Several of the authorities cited by appellee are authority for the statement that one of the best means of ascertaining the meaning and intent of a statute law is to trace its history, and see under what circumstances it was passed.

As stated in my first brief, section 54 of chapter 83 of the Laws of 1892, creates the office of county auditor and provides that the clerk of the board of supervisors shall be said officer. Section 55 of said chapter fixes his salary and provides that in no case shall it exceed five hundred dollars per annum. The following sections prescribe his duties. By chapter 40 of the Laws of 1894, section 55 of chapter 83 of the Laws of 1892, was amended and the salary of the county auditor was placed on a graduated basis based upon the assessed valuation of each county.

Now, if the legislature had intended that in double district counties this officer should receive twice the amount provided for why did it not say so? It would have been the easiest thing in the world to have done so and certainly if it had had any such intention it would have done so. When this law was passed the Code had not been made and the previous Code did not contain the little section providing that the compensation "herein" provided should be paid in each district. Suppose, then, our laws had not been codifed. In that case, according to appellee's contention, he would have been deprived of what he now maintains he is entitled to by the mere accident of a non-codification of our laws. Then at the time the legislature inserted the little double district county provision in the chapter on Fees, if it had intended for it to embrace the salary of the county auditor provided for in a different chapter, why did it not

take the precaution to say so or to amend the section in the chapter on boards of supervisors in which the salary of the county auditor is fixed? It certainly could not have expected that everybody would have taken the provision to apply to the salary of the county auditor.

It is significant that in every instance where it is clear that there are double duties to perform by reason of a double district county, the legislature has specifically provided that in case of a double district county, double the amount provided should be allowed. Thus we find that section 2171 in the chapter on "Fees" relating to circuit clerks, section 2177 in the same chapter and relating to the sheriff, and 2196 in the same chapter relating to tax-collector all make such provisions. The reason is clear. These sections were all passed at different times and when they were brought forward in the Code they were copied as originally passed. Thus we see that it was the policy of the legislature in fixing the salary of the various county officers whenever it was prescribing duties that would really entail double work in case of a double district county to also provide for double pay. In the case of the county auditor, however, I have already shown that no double work is required. Consequently, no double pay is provided.

*Deavours & Hilburn,* for appellee.

The contention of appellant is, as we understand it, simply as follows: That the word "herein," mentioned in section 2206 of the Code, is a word of limitation, and refers to chapter 49 on Fees, and not to chapter 17, Board of Supervisors, where section 348 appears, prescribing the salary of the county auditor.

In other words, appellant claims that no provision is made for paying clerks as county auditors, in counties having two judical districts, for extra services as such. Appellant argues that inasmuch as section 2206 in the chapter on Fees, might have been adopted at an

entirely different time from section 348 under Board of Supervisors, that the word "herein" refers only to the chapter on Fees. He cites some authorities in other states, in support of this proposition. However, it will be noticed that he does not cite a single authority from the courts of this state.

On the other hand, the supreme court of this state has expressly decided, in two well-considered cases, which we will mention later, that where statutes are to be construed that all the provisions of the Code will be construed together. If we are correct in this, then we submit, the question at issue will be easy of solution. Taking the Code as a whole, and the acts of the legislature passed since the adoption of the Code of 1906, it is easy to observe the manifest intention of the legislature that clerks, as county auditors in counties having two judicial districts, shall receive pay for services as such for each of said districts as if each were a separate county.

In the construction of these statutes, what cardinal rules must we, therefore, keep in mind? In the construction of statutes, the intention of the legislature is the cardinal rule of construction; and the intention of the legislature is to be deduced from the whole and every part of the statute taken together; and a constrution contrary to natural justice and equity will be rejected, unless the language does not admit of a different construction; and in construing a statute, the object is to get at its spirit and meaning; the courts will look to the intention of the legislature, and construe according to the spirit of the statute, although, in some measure, it may conflict with the letter. *Planters Bank* v. *State,* 6 S. & M. 628; *Grand Gulf Bank* v. *Archer,* 8 S. & M., 151; *Green* v. *Weller,* 32 Miss. 650; *Eskridge* v. *Magruder,* 45 Miss. 294; *Bonds* v. *Greer,* 56 Miss. 710; *Adams* v. *Yazoo R. Co.,* 75 Miss. 275; *Ingraham* v. *Speed,* 30 Miss. 410; *Read* v. *Manning,* 30 Miss. 308.

A statute must receive such construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object. *Ellison* v. *Mobile & Ohio R. R. Co.,* 36 Miss. 572.

In construing a statute, the evil sought to be remedied must be kept in view; if not violative of a plain provision, it must be made to accomplish the purpose intended. *Moore* v. *Rowe,* 53 So. 626; *Pattison* v. *Clingham,* 93 Miss. 310.

All statutes on the same subject-matter, are to be construed together, and a harmonious interpretation adopted, if practicable. *Scott* v. *Searle,* 5 S. & M. 25; *Grand Gulf Bank* v. *Archer,* 8 S. & M. 151. A series of acts upon the same subject are to be construed as a whole. *White* v. *Johnson,* 23 Miss. 68.

All statutes relating to the same subject, must be taken as one system and construed consistently, if this can be done. *Eskridge* v. *Magruder,* 45 Miss. 294; *Clements* v. *Anderson,* 46 Miss. 581.

In order to ascertain the intention of the legislature all acts "*in pari materia*" are to be taken together and compared. *Swann* v. *Buck,* 40 Miss. 268. Appellant cites the case of *Fitzgerald, et al.* v. *Grummell, et al.,* 64 Iowa, 261, the other case in support of his contention that the word "herein" in section 2206 refers only to chapter 149 of the code of 1906.

We submit that under the rules of construction announced by the courts of this state, the Code is to be regarded as a whole, and every statute relating to the point in controversy, shall be examined to ascertain, if possible, the legislative intent.

This doctrine is clearly and forcibly announced in the celebrated case of *Gibbons, et al.* v. *Brittenum, et al.,* 56 Miss. 232; *Lombard* v. *Lombard,* reported in 57 Miss. 171. Sections 348 and 2206, were both brought forward in the Code of 1906; both went into operation on the same date, and were intended to form parts of a harmonious Code of Law.

Section 2, Code of 1906, provides: "The said chapters, except as expressly provided, shall take effect on the first day of October, 1906, and from that date this Code shall be received in use, and shall supersede all prior statutes and clauses therein revised, and hereby repealed."

Thus, all the provisions of the Code were adopted at the same time, and for the reason ably stated in the opinion of the court, set out more fully above, they are to be construed together. And in our opinion, section 348 of the Code is to be treated exactly as if it had been placed in chapter 49 of the Code. If our contention is correct in this, then the matter at issue is easy of solution.

Holden, J., delivered the opinion of the court.

The appellant, J. C. Johnston, state revenue agent, entered suit in the circuit court of Jasper county against T. Q. Brame, appellee, claiming in his declaration that appellee Brame was indebted to Jasper county in the sum of one thousand, four hundred dollars, which amount was alleged to have been unlawfully allowed and paid to appellee Brame by the board of supervisors of said county as compensation for his services as county auditor for the years 1912, 1913, 1914 and 1915. The defendant Brame in the court below filed a plea of general issue to the declaration, and also filed the following special plea:

"Comes the defendant, T. Q. Brame, in the above-styled suit, and, for a special plea in this behalf, says that the plaintiff ought not to have and recover anything by his said suit, for this defendant says that during the years 1912, 1913, 1914, and 1915 he, this defendant, was chancery clerk of Jasper county, Miss., and that by virtue of section 347 of the Code of 1906, was county auditor during the said period of time; that this defendant performed the duties of county auditor of Jasper county, Miss., during the said years of 1912,

112 Miss.—43

1913, 1914, and 1915, in strict accordance with the law; that the legislature of the state of Mississippi in the year 1906 passed an act dividing the county of Jasper into two circuit and chancery court districts (chapter 168 of the Laws of Mississippi of 1906), which law was in force and effect during all the years mentioned above, and is still in force and effect; that on account of the fact of the creation of the two judicial districts in said county it became the duty of this defendant, as county auditor during said time, and this defendant did, as the law directs, keep the books of said county and perform the duties as auditor for each of said district of said county as if each district were a separate county; that this defendant, by virtue of the provisions of section 2206 of the Code of 1906, was paid the same compensation allowed by law for his services as county auditor for each district of said county; that during said time the assessed value of the real and personal property of Jasper county was during all of said years more than three million dollars, an amount that would entitle the defendant to receive the sum of three hundred dollars per year for services as auditor for each district of said county; that this defendant received said amount, and no more. And this the defendant is ready to verify.''

The plaintff below demurred to this special plea of defendant, alleging one ground of demurrer, to-wit: "The plea does not state a sufficient defense in law.'' The demurrer. was heard and overruled by the circuit judge, from which judgment the appellant Johnston, state revenue agent, appeals to this court.

It appears from the record in this case that Jasper county has two judicial districts, which fact necessitates additional work on the part of a county auditor. The board of supervisors of Jasper county in 1912, acting under section 2206, Code of 1906, which reads as follows:

"Counties Having Two Judicial Districts.—In counties having two judicial districts the compensation allowed clerks, sheriffs, and other officers shall be paid out of the county treasury; such officers may be allowed the compensation herein provided for each district" —allow the appellee Brame, as county auditor, the sum of three hundred dollars per annum for his services in each judicial district, making a total allowance, of six hundred dollars per annum, as compensation for his services for the entire county composed of two judicial districts. It is admitted by the demurrer to the special plea of appellee that the assessed valuation of the property of the county exceeded three million dollars, and that therefore three hundred dollars would have been the proper compensation to be allowed to the county auditor under section 348 if there were not two judicial districts in the county; but it appears that, there being two judicial districts in the county, the board of supervisors, believing that they had authority under said section 2206, to be used within their discretion, to allow double compensation in counties having two judicial districts, made the allowance of six hundred dollars per annum to the appellee under the said sections 348 and 2206, Code of 1906.

The opposing contentions of counsel for the appellant and appellee are clearly presented here. The appellant earnestly contends that section 2206 of the Code does not apply to the compensation to be allowed to county auditors, but that section 348, Code of 1906, is the sole authority for fixing the salary or compensation of county auditors, and that it limits in its terms the compensation to be allowed, based upon the assessed valuation of the property of the county, and that a county auditor can be allowed no more than is fixed and prescribed by the said section 348, Code of 1906. The appellee contends that, while section 348 fixes the amount of compensation to be allowed to the county auditor, on a basis of assessed valuation of property in the county,

still this section did not comtemplate the compensation to be allowed in counties with two judicial districts, but that section 2206 authorizes the board of supervisors, in their discretion, to allow the prescribed compensation for each district. In other words, it authorizes the board to allow double compensation in counties in which there are two judicial districts, which necessitates double work, or at least imposes additional work on the county auditor. The appellant contends that section 2206, which provides that "officers may be allowed the compensation herein provided for each district," does not apply to the question of compensation as to county auditors as mentioned in said section 348, but that it is intended to cover only such compensation as is mentioned in chapter 49, Code of 1906 (the chapter on fees); that the language, "compensation herein provided," refers to the compensation provided in this chapter 49, of which section 2206 is a part. The appellee answers this contention of appellant by urging that the word "herein," as used in section 2206, means and refers to any other section in the Code dealing with the same subject, and that it refers to said section 348, as that section fixes and prescribes the salary of the county auditor, and that section 2206 provides that the supervisors may in their discretion allow double compensation to a county auditor in those counties that are composed of two judicial districts.

In construing section 2206, as to its meaning and scope, we are clearly of the opinion that it was the legislative intent that section 2206 should apply to all county officers in the allowance of compensation for their services in counties composed of two judicial districts. The language, "compensation herein provided," as used in section 2206, was not intended to be limited to the compensation allowed as fees to those officers named in chapter 49, Code of 1906. In arriving at the spirit and intent of a statute of this kind, it is proper to take into consideration any other statute in the Code relating

to the same subject, and if material to each other they should be construed together consistently and harmoniously, if possible, as one scheme, in order to ascertain the true intent of the legislature in dealing with that particular subject. *Clements* v. *Anderson,* 46 Miss. 581; *Eskridge* v. *McGruder,* 45 Miss. 294; *Swann* v. *Busk,* 40 Miss. 268. In the latter case above, this court said:

"It is to be inferred that a Code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions. It is therefore an established rule of law that all acts *in pari materia* are to be taken together, as if they were one law, and they are directed to be compared in the construction of statutes, because they are considered as framed upon one system, and having one object in view."

In *Gibbons* v. *Brittenum,* 56 Miss. 232, this court said:

"But these several enactments are not separate and distinct statutes. They are parts of a Code, and several statutes, chapters, and sections of which, though adopted on different days, went into operation on the same day, and were intended to form parts of a symmetrical and harmonious whole. We must not treat them as distinct enactments, speaking the will of the lawgiver at different times, but, if practicable, as declarations uttered *uno flatu,* by which was established by a single utterance the entire statute law of the state. The Code, in short, is to be treated as a single statute of many sections, and, if possible, those sections are to be made harmonious. What effect will this view have upon the sections under consideration? It will authorize us to look through the entire work, for the purpose of gathering all the assistance possible from a complete survey of it. This is the only aid to be derived by considering the apparently conflicting sections as parts of a whole, rather than as statutes *in pari materia,* adopted at

different periods; because, in construing this last class of statutes, where there are no repealing words in those last adopted, we are compelled to inspect them all, and, if possible, make them harmonious.''

We think section 2206, Code of 1906, applies to the compensation allowed to county auditors by section 348, Code of 1906, and that the boards of supervisors in counties composed of two judicial districts have the lawful authority, within their discretion, to allow the fixed compensation for each district of such counties. In view of the above conclusions, it is unnecessary for us to notice chapter 145, Laws of 1916.

The judgment of the lower court is affirmed, and the case remanded.

*Affirmed and remanded.*