DUGGER *v*. PANOLA COUNTY BOARD OF SUPERVISORS.*

(In Banc. June 8, 1925).

[104 So. 459. No. 24688.]

1. COUNTIES. *Parishes; statute as to compensation of chancery clerk as county auditor in county having two judicial districts not repealed.*

Code 1906, section 2206 (Hemingway's Code, section 1891), which, constituting an exception to the general rule, in connection with. section 348 (section 3721), in a county having two judicial districts, authorizes the county commissioners to allow the chancery clerk as compensation for his service as auditor in each district the salary which section 348 provides he shall receive as county auditor to be annually fixed by the commissioners, *held* not impliedly repealed by Laws 1916, chapter 102, or subsequent enactments on the same subject, especially Laws 1924, chapter 206.

2. STATUTES. *Degree of repugnance necessary for repeal by implication stated.*

For repeal of statute by implication, which is not favored, there must be such repugnancy between it and later statute that both cannot have their appropriate application.

ETHRIDGE and ANDERSON, JJ., dissenting.

---

*Headnotes 1. Counties, 15 C. J., section 165; 2. Statutes, 36 Cyc., p. 1074.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

The order of the board of supervisors of Panola county, making allowance to the chancery clerk as compensation

for services as county auditor for each judicial district of the county, was, on appeal by Foster Dugger, a taxpayer, affirmed by the circuit court, and he again appeals. Affirmed.

*G. M. Johnson,* for appellant.

This is a suit begun before the board of supervisors of Panola county at the October, 1924, meeting, wherein Foster Dugger, a taxpayer, contested the right of the board of supervisors of Panola county to allow J. A. Carter, the then chancery clerk and auditor of Panola county, full compensation under chapter 206, Laws of 1924, for both judicial districts.

What is the maximum salary under chapter 206, Laws of 1924, that any board of supervisors can fix for county auditor in a county having an assessed valuation of over nine million dollars and not more than twelve million dollars and having two judicial districts? The legislature fixed the salary of county auditors under section 6 of chapter 161, Laws of 1922, which act governed the salary of county auditors until repealed by chapter 206, laws of 1924.

This court in *Wray et al.* v. *Bolivar County,* 98 So. 447, construed chapter 160, Acts of 1922, and held that said act did not give the right to sheriff to collect double commissions because of being sheriff in county having two judicial districts but held that chapter 160 of Acts of 1922, repealed former statutes relating to a double compensation in counties having two judicial districts.

Chapter 206, Laws of 1924, fixed the salary of county auditor in counties having an assessed valuation of real, personal and public service corporations property over nine million dollars and not exceeding twelve million dollars at an annual sum not exceeding one thousand dollars to be fixed within the discretion of the board of supervisors.

In other words, it was the intention of the legislature of 1924 to fix a maximum salary for auditors of the differ-

ent counties classing them according to assessed. valuation and it left it discretionary with the board of supervisors to pay any sum they deemed a reasonable salary up to and including the maximum amount. Section 4 of this chapter repealed all laws or parts of laws in conflict with the provisions of this act.

Section 348, Code of 1906, construed in *State Rev. Agent* v. *Brame,* 112 Miss. 665, was amended by re-enactment in 1918 under chapter 122, Acts of 1918. Chapter 122, Acts of 1918, was repealed under chapter 129, Acts of 1920. Section 2, chapter 206, Acts of 1924, is directly· involved. Appellant contends that section 4, Acts of 1924, repealed· section 2206, Code of 1906, as the act above ·quoted, or such parts as are applicable to this cause, is plain and unambiguous and should be construed as written.

Appellant contends under the above-quoted act the maximum salary for county auditor in county having the assessed valuation between nine and twelve million dollars is one thousand dollars and that board of supervisors could not legally pay said chancery clerk as auditor or allow sum over that amount. Appellant says and contends that this amount or maximum amount of one thousand dollars could be paid at the end of any one quarter at the discretion of board of supervisors thereby enabling the chancery clerk to take care of the rush months when extra help is required.

Appellant contends that the lower court erred in failing to sustain the objection of the appellant to order of board dated October 13, 1924, marked 'Exhibit B and found in record on page 4 in that said board of supervisors allowed the maximum amount of one thousand dollars for each of the two judicial districts or fixed the salary of the county auditor of Panola county at two thousand dollars per year during the full term of office of the present auditor and chancery clerk from April 12, 1924.

Wherefore appellant respectfully asks this court to reverse and remand this cause to the lower court with proper order for fixing salary of county auditor.

*Montgomery & McClure* and *John W. Kyle,* for appellee.

The precise point presented to this court for decision is whether or not section 2206, Code of 1906, section 1891, Hemingway's Code, is repealed by chapter 206, Laws of 1924. In *State Revenue Agent* v. *Brame,* 112 Miss. 665, this court expressly held that the above section applied to the compensation to be paid to chancery clerks, as county auditors, in those counties having two judicial districts. This case was decided in 1916, settling the law on this point, and the right of a chancery clerk to receive the compensation fixed by the statute for each court district in counties having two judicial districts has not been questioned since the Brame case was decided, until the filing of this appeal.

Appellant in his brief bases his contention upon the idea that the above section 2206, Code of 1906, Hemingway's Code, section 1891, falls under the repealing clause, section 4, Chapter 206, Laws of 1924, which provides: "That all laws or parts of laws in conflict with the provisions of this act, are hereby repealed." We do not so construe that statute.

The purpose of chapter 206, Laws of 1924, was twofold: first, to validate and confirm the action of county officers in receiving and retaining the fees and compensation which they had received in good faith under the authority of chapter 160, Laws of 1922, which had come to be regarded with misgivings on account of its constitutionality being seriously questioned; and secondly, to remedy the defects which had been pointed out in this act and to enact an effective repeal of the county officer's Salary Law, which had proved to be very unpopular throughout the state.

This twofold purpose is plainly stated in the statute.

The language indicates a clear intention on the part of the legislature. to substitute the plan of compensating said officers by fees, commissions and salaries, as formerly provided for, in lieu of the compensation, in the way of fixed salaries, provided for in chapter 102, Laws of 1916, and chapter 122, Laws of 1920; and the language of the repealing clause (section 4, chapter 206, Laws of 1924), indicates a clear intention to repeal only such laws as provided a method of compensation in conflict with the principle embodied in the new law. If chapter 160, Laws of 1922, were to be stricken down as unconstitutional, as the legislature of 1924 evidently assumed that it would be, the obnoxious salary laws of 1916 and of 1920 would still be in force and it was these laws, which were clearly in conflict with the principles of chapter 206, Laws of 1924, that were expressly repealed by section 4, chapter 206, Laws 1924.

There is nothing in that part of chapter 206, Laws of 1924, which fixes the compensation to be allowed to county auditors, to indicate any intention on the part of the legislature to disturb the rule announced in the Brame case. There is no necessary conflict between section 2, chapter 206, Laws of 1924, and section 2206, Code of 1906, (section 1891, Hemingway's Code). The repealing clause contained in sec. 4, chapter 206, Laws of 1924, provides only: "That all laws or parts of laws in conflict with the provisions of this act are hereby repealed." "This," in the language of this court in *Ascher & Baxter* v. *Edward Moyse & Co. et al.,* 101 Miss. 36, 57 So. 299, "is a positive unequivocal declaration that only such laws as are in conflict with the act are repealed, and is equivalent to saying that all former laws upon the subject must remain unrepealed unless the latter act is in irreconcilable conflict with the former law and comes under the rule in *Great Northern R. R. Co. supra* (208 U. S. 452; 28 Sup. Ct. 313, 52 Ed. 567), that when the latter act covers the whole subject of a former act, and, embracing new provisions, operates by implication to repeal the prior act, it is subject to the qualification that,

when the latter act expresses the extent, to which it is intended to repeal prior laws, it excludes any implication of a more extended repeal.''

The provisions of section 2, chapter 206, Laws of 1924, in so far as they determine the salary to be allowed chancery clerks as county auditors, constitute virtually a re-enactment of the provisions of section 348, Code of 1906 (Hemingway's Code, section 3721), except as to amounts to be allowed and as to the time of payment thereof, and nothing in the chapter can reasonably be construed as a repeal of the authority conferred upon the board of supervisors in section 2206, Code of 1906 (section 1891, Hemingway's Code), to make allowances to county auditors for each court district to compensate them for the double work and expense incident to maintaining a double system of records. It has become the established rule in this state based on a legislative enactment, sanctioned by a decision of this court in the *Brame case, supra,* to allow these officers the compensation provided by law, for each judicial district and this court will not readily presume that the legislature intended to abrogate this rule, which is based on principles of justice, especially in view of the fact, that it is a matter of common knowledge that the work which devolves upon the chancery clerk, as county auditor, and his deputies, is being almost doubled and trebled from year to year. This is apparent, when we consider that each new rural or consolidated school district or road district organized makes it necessary for the county auditor to open from two to four new accounts, and none but competent and trained bookkeepers can be intrusted with the keeping of these large and complicated accounts.

It is strikingly strange that with section 2206, Code of 1906 (section 1891, Hemingway's Code), having been a part of this code for eighteen years, in light of the above cardinal rule of construction of statutes, that in enacting chapter 206, Laws of 1924, if the legislature intended therein to repeal said section 2206 of the Code, that it did not make some express reference therein that

it did so intend to repeal this section of the code which had been enacted for this period of time.

The only argument advanced by counsel for the appellant in his brief to which we care to make specific reference is the citation of the *Wray case,* 98 So. (Miss.) 447. The argument thus made by counsel for the appellant is fully answered by the court itself in the opinion rendered, wherein the court said: "There is no claim (in the Wray case) that the board of supervisors in their discretion have allowed the collection of the double fees, where there are two judicial districts as provided elsewhere." For additional authorities see: *Richards* v. *Patterson,* 30 Miss. 583; *Owens* v. *Y. & M. V. R. R. Co.,* 21 So. 244.

Argued orally by *Jas. McClure* and *Jno. W. Kyle,* for appellees.

McGOWEN, J., delivered the opinion of the court.

This is an appeal by a taxpayer, Foster Dugger, from an order of the board of supervisors of Panola county, allowing the chancery clerk thereof compensation for services as county auditor for each judicial district of that county as provided by section 2206, Code of 1906 (Hemingway's Code, section 1891). This section provides that in counties having two judicial districts certain officers, including the chancery clerk, may be allowed compensation for services as county auditor for each judicial district; the chancery clerk being the *ex officio* county auditor.

The board of supervisors made an allowance to the chancery clerk of Panola county for said services for each district under the authority of section 2206. From that order Foster Dugger, a taxpayer of the county, appealed to the circuit court, and that court upheld the order of the board of supervisors, allowing compensation for each judicial district, and from the judgment of the circuit court against him the taxpayer appeals here.

The only question presented by this appeal is: Was section 2206, Code of 1906 (Hemingway's Code, section 1891) repealed by chapter 102, Laws of 1916, or subsequent enactments on the same subject, and especially by chapter 206, Laws of 1924?

In the case of *State Revenue Agent* v. *Brame,* 112 Miss. 665, 73 So. 721, we held that the above section applied to the compensation to be paid to the chancery clerk as county auditor in those counties having two judicial districts, which decision is controlling here, unless section 2206, allowing the compensation, has been repealed.

There is no express repeal of this section by chapter 102, Laws of 1916, or any subsequent enactment on the same subject and if section 2206 has been repealed by the legislature, it is a repeal by implication.

Section 348, Code of 1906 (Hemingway's Code, section 3721), provides: "The clerk, as county auditor, shall receive a salary, to be annually fixed by the board of supervisors, payable at the end of each year," etc.

In 1916 the legislature changed the compensation of county officials to straight salaries which were to be paid in full compensation for the services of the several officers, and it is argued by the appellant that this change effected the repeal of section 2206, Code of 1906, and, as we have before said, its repeal is effected by implication, because the salary named in the act was to be full compensation for the services. But this position excludes section 8 of said chapter, which shows that the salary to be paid to the county officials named in the act was to be based on the total of fees, commissions, and other emoluments which the law then provided as the basis of compensation for said officials.

Section 8, chapter 102, Laws of 1916, is as follows: "All *fees* and all *commissions* and *other emoluments* which the law now provides may be *demanded, received,* and *taken* by the sheriff and tax collector, chancery clerk and circuit clerk, and the tax assessed shall hereafter be collected by each, respectively; but all said commissions, fees and emoluments shall hereafter be *paid* by the said

officers, respectively, *into*, the county treasury. Each of these payments shall be paid into the county treasury by the twentieth day of each calendar month, and shall be each accompanied by an affidavit of each of said officers averring that he has turned into said county treasury all fees and commissions which he has actually collected in the preceding calendar month, and which the law now requires him to collect, or that it may be lawful for him to demand, receive, collect and take, and that he has collected all such fees and commissions as were reasonably possible of collection in the preceding month.'' (Italics ours.)

Then follows the requirement that an accurate account be kept by each of the four officers named of all fees and commissions which the law now requires him to collect, or that it may be lawful for him to demand, receive, collect, and take. Act approved April 3, 1916.

On the same day that this salary law was enacted, the legislature validated the allowances and payments theretofore made by the board of supervisors to chancery clerks in counties having two judicial districts as shown by chapter 145, Laws of 1916.

The use of the language in section 8, chapter 102, Laws of 1916, ''all fees and all commissions and other emoluments,'' makes it certain that the legislature intended no change in the fees, commissions, and salaries of these officials, and expected them to be collected and turned into the county treasury; and, further, the language in connection with the quoted language, ''demand, receive, collect and take,'' negatives any idea of the repeal of section 2206, but rather than a repeal of it is a re-enactment, because the word ''emolument'' can be accounted for in this section so far as the office of the chancery clerk is concerned only as allowance to him for his compensation for services as county auditor.

The clear object of the legislature was to keep an account of all fees, all salaries, all commissions, and all emoluments of said officers in order, first that no county would be burdened with more than the amount of these

collections, while counties where these fees amounted to what would be considered an exorbitant amount would not pay more than the maximum amount of salary fixed in the act; second, that the legislature in the future might have a basis upon which to calculate the salaries of the several officers.

Section 7 of act, *supra,* specifically excepts from this accounting the allowance made for special deputies or extra deputies during court terms, and section 7 further shows that it was the purpose of the legislature to pay the salaries of such officers within the limits prescribed out of the fees, commissions, and emoluments lawfully received by the said officers, respectively, for the preceding month, and further shows that the collections theretofore lawfully made by the officers should be accounted for to the county. The exception of special deputies mentioned above shows that the other court allowances were to be accounted for in fixing the salary of the officer named.

The purpose of the law was to require that all fees, emoluments, and commissions theretofore, provided for should be accounted for by the chancery clerk, and as certainly embraced section 2206 as it did the sections containing the itemized fee bill. It cannot be said that fees and commissions mean the same thing as emoluments. The itemized fee bill was not re-enacted or brought forward in the chapter, and, if section 2206 is repealed by implication, the entire list of fees provided for in the Code of 1906 are also repealed by implication. The legislature used the words, "in full compensation for his services," in connection with the continued existence of section 2206.

We have repeatedly held that the law does not favor repeals by implication, and in this case to hold that this section was repealed by implication would be to destroy the basis of the system planned by the legislature.

Section 2206 is a special chapter or an exception to the general rule. Most of the counties in Mississippi do not have two judicial districts. The well-recognized rule is

139 Miss.—36.

that, where lawmakers have enacted special statutes to fit a particular case, they will not be presumed to intend to repeal said special statute by the subsequent enactment of general statutes on the same subject-matter.

It may be argued that it would be idle for the clerk to collect his *per diem* allowance for attending court or as salary as auditor and pay it back into the treasury. Whether it is idle or not, the word "emolument" covers it, and the reason is apparent that the legislature desired to put limits upon the salaries of some officials, while on others they did not wish to reduce the compensation where the officers were not thought to have been overpaid. The language that all emoluments shall be accounted for is not ambiguous. It is plain. It is clear that at the date of this enactment the compensation of the county auditor was an emolument of the office of chancery clerk. The effort of the legislature was to regulate the inequality thought to have existed in the salaries of these several officers prior to 1916. There is no repeal by implication in said chapter, and there is no conflict, but absolute harmony.

Section 34, chapter 122, Laws of 1920, which chapter is an amendment of the Laws of 1916, *supra,* provides for the payment of these officers of the difference where the fees, commissions, and emoluments were less than the maximum salary, showing that the legislature intended and construed the law as to all fees, salaries, commissions, and emoluments in force prior to 1916 as still in force. In chapter 122, Laws of 1920, there is no general repealing clause of all acts in conflict therewith. "The word 'emolument' is more comprehensive than 'salary,' and includes the meaning of 'gain,' 'profit,' 'compensation,' etc." See 2 Words & Phrases, Second Series, p. 259, citing *Scharrenbroich* v. *Lewis & Clarke County,* 33 Mont. 250, 83 P. 482, 483. Certainly, the compensation of chancery clerks as county officers is fairly embraced within this broad language.

In so far as chapter 122, Laws of 1920, is concerned, there is no repeal by implication, as these officers were

still entitled to receive emoluments and pay them back to the county, and while this procedure entailed some bookkeeping, when we consider the section above quoted (section 8, chapter 102, Laws of 1916), provided the amount paid the officers under the salary law was based upon fees, commissions, and emoluments, which amount might be less than the maximum amount of salary fixed by the salary law, we see clearly that the intention of the legislature was to base the salary upon all of the emoluments of the officers. It was not a vain and useless thing, but involved the living of these officers.

Section 2, chapter 206, Laws of 1924, provided that such officers, including chancery clerks, "shall be paid exclusively from such fees, commissions and salaries as herein provided, for all services rendered by them in the performance of all duties required by law to be performed by said officers," and does not undertake to repeal section 2206, Code of 1906 (Hemingway's Code, section 1891), expressly or by implication. Indeed, it does not deal with that section, but is dealing with the general law, and does not deal with the exceptions. It was dealing with the majority of the counties of Mississippi not having two judicial districts, was a general law, not dealing with a special law or the exception of the few counties having two judicial districts.

It was not the trend of the legislative mind to reduce any salaries below the maximum named in the several acts. An examination of the statutes shows that the duties of the chancery clerks have been largely increased; the necessity for constant attendance upon the duties of the office has been increased, and it would charge the legislature with injustice to say that it intended in this one case a reduction, as against the general legislative policy on the other hand. Indeed, the record in this case shows that this county in the instant case has twelve county depositories, must keep a separate account of all the various funds, roads, schools, and other public improvements, with each of the twelve depositories. Bond issues have been multiplied, and in counties having two

judicial districts the work of a chancery clerk since the enactment of section 2206, Code of 1906, has been doubled, and a very much higher standard of efficiency is required to discharge the duties of the office as intended by the legislature.

An additional reason for saying that there is no repeal by implication intended by section 2, chapter 206, Laws of 1924, quoted above, is that by the Laws of 1922, chapter 160, the legislature shows its intention to reenact the entire fee system as to compensation of these county officials as it had existed prior to 1916. And in 1924, there being grave doubt as to the constitutionality of chapter 160, Laws of 1922, the legislature was undertaking to make certain the repeal of the salary law and to put in operation the fee system. In other words, the legislature tried to go back to the law as it existed under the Code of 1906, and its intention was to place the officers *in statu quo,* and chapter 206, Laws of 1924, clearly expressed the intention to legalize and validate the infirmities, if any there were, which existed in chapter 160, Laws of 1922. So that the language used is no more exclusive in its general terms as applying to all counties than is the language used in section 348, Code of 1906. Chapter 206, Laws of 1924, was not dealing with section 2206, Code of 1906, is not repugnant thereto, and there is no repeal by implication in the above language. There was no intention on the part of the legislature to interfere with the rule in vogue as to two judicial districts.

The validating act passed in 1916 referred to above shows that the legislature did not regard this section as repealed, and passed it because the validity of payments under this act had been questioned. Thereafter in October the supreme court set this question at rest.

In further support of this view, the title of chapter 206, Laws of 1924, is as follows: "An act to ratify, validate and confirm the action of certain county officers in collecting and retaining as compensation for their services and fees fixed by law for such officers, prior to January 1, 1916, which fees were collected and retained in com-

pliance with the provisions of chapter 160 of the Laws of 1922; and providing for and fixing the compensation of sheriffs and tax collectors, chancery clerks and their deputies, and circuit clerks and their deputies.''

Section 2, chapter 206, Laws of 1924, uses the word ''exclusively'' with reference to the fees, commissions, and salaries provided for by general law, and did not apply to the exception or special law, section 2206, Code of 1906, and the word was intended to be applied to the payment of fees in the accomplishment of the repeal of the salary law *in toto.* The question had been raised as to the validity of chapter 160, Laws of 1922, and as to whether or not the salary law had been repealed thereby, and the legislature undertook to remove any constitutional or other objection to the repeal of the salary law, and to emphasize the readoption of the fee system *in toto,* and the emphatic language is clearly applicable to the laws which the legislature desired to repeal and which it then had under consideration, and was not addressed to a statute which was not under consideration and which was in harmony with the 1924 fee law, as it had been in harmony and consonance with the fee law existing prior to January 1, 1916.

The chancery clerk is the most important county fiscal officer, and with increased duties it is not at all probable that the legislature had in mind any change in the matter of these officers' compensation, at least it does not so appear from the language used.

The rule applying here as to the construction of this statute is announced in *Richards* v. *Patterson,* 30 Miss. 583, as follows: ''The repeal of a statute by implication is not favored in law, and will not be allowed, unless there be such a repugnancy between it and a later statute that they cannot both have their appropriate application.''

We do not think it clearly appears that the legislature intended by implication to repeal section 2206, Code of

1906 (Hemingway's Code, section 1891), and, the circuit court having so held, this case is affirmed.

*Affirmed.*

ETHRIDGE, J. (dissenting).

I regret that I am unable to agree with the majority opinion in this case, and nothing but a conviction that the decision is entirely wrong would induce me to dissent in a case of this character.

I think it would be a wise thing for the legislature to restore section 2206, Code of 1906 (Hemingway's Code, section 1891), but I think this section has been clearly repealed by subsequent acts of the legislature, beginning with chapter 102, Laws of 1916, down to and including chapter 206, Laws of 1924. The provisions of the several statutes will be referred to in this dissent.

It is manifest from a reading of the provisions of chapter 102, Laws of 1916, that the legislature intended to repeal the right of county officers to charge fees as had theretofore existed, and it is absurd to my mind to say that the legislature contemplated that funds would be taken out of the county treasury by an appropriation under section 2206, Code of 1906 (Hemingway's Code, section 1891), and warrant issued to the chancery clerk or other officer and by him collected and paid back to the county treasury, all of which would entail time, labor, and bookkeeping for no purpose whatever. Chapter 102, Laws of 1916, provides for the salaries of different county officers in the different classes of counties and for deputies, giving the board of supervisors the right to fix the number of deputies and their compensation under certain conditions and limitations, Section 4, chapter 102, Laws of 1916, provides: "That in the counties in this state in which there are two judicial districts, the board of supervisors may allow another deputy for the chancery clerk and another deputy for the circuit clerk, to the number hereinbefore allowed in each of the classes."

Section 7 of said chapter 102, Laws of 1916, provides that: "In no case whatever shall the sheriff and tax collector and his deputies, the chancery clerk and his deputies, the circuit clerk and his deputies, the tax assessor and his deputies, respectively, be paid by the board of supervisors a salary for any year which shall exceed in the case of any of said officers and their deputies the amount in fees and commissions collected by each of said officers, respectively, and their deputies, respectively, and paid by each of said officers, respectively, into the county treasury for such year; but this provision shall not apply as to the allowances made for special or extra deputies during court terms, as provided for under subdivisions (d) of section 2 of this act."

And it further provides that: "If in any one month the amount of fees and commissions paid into the county treasury by said officers, respectively, shall not equal the amount of such officers' or the deputies' salaries, then the amounts of such monthly salaries may be paid by the board of supervisors out of the county treasury, after being duly audited and allowed according to law, out of any fees and commissions which any of said officers, respectively, may have paid into the county treasury in any preceding month of the same year the purpose and intent of this act being to require each of said officers and deputies, respectively, to receive his salary out of the fees and commissions paid by each of said officers, respectively, into the county treasury," etc.

It is true that by section 8 of the act (chapter 102, Laws of 1916) the legislature provided that: "All fees and all commissions and other emoluments which the law now provides may be demanded, received and taken by the sheriff and tax collector, chancery clerk and circuit clerk," etc.

But it was not the intention of this section to permit such officers to receive allowances from the county treasury, but was merely to provide for the collection of fees from the public for the services which the public had theretofore paid fees to go into the county treasury for

the purpose of making a fund. This, I think, is clear from a reading of all of the provisions of the act together. Of course, the legislature was mistaken about the amount of fees collected by these officers under the fee system, and expected to receive more money for the county than the county paid out to the county officers from these private sources, so that these public officers would be paid by the individuals who had worked for them to do, and who had formerly paid fees direct to the county officers. It so happened that the law after being tried out was a disappointment to its friends. Section 9, chapter 102, Laws of 1916, expressly repealed all laws and parts of laws in conflict with the statute.

This law was amended, or rather it was repealed, by chapter 122, Laws of 1920, which covered the full subject of the compensation of county officers. Chapter 122, Laws of 1920, divided the counties into classes and fixed the salaries of the respective officers according to the classification in the act, giving, however, some fees to the officers which had not been allowed them under the preceding law. In section 20, chapter 122, Laws of 1920, provision was made for deputies in counties having two districts, and increasing the salaries of sheriffs, chancery clerk, circuit clerk, and the superintendent of education in such counties that had two judicial districts, and also the salaries of the members of the board of supervisors.

In 1922, the legislature made an abortive attempt to re-enact the fees existing prior to the passage of chapter 102, Laws of 1916, but the first section of the act was palpably void under section 61 of the Constitution of 1890, prohibiting any laws being revived or re-enacted by reference, and requiring the provisions to be fully and completely set out in the law. Section 2, chapter 160, Laws of 1922, provided for the compensation of the tax collector, but the act did not make general provision for the compensation of the chancery and circuit clerks. In section 3, chapter 160, Laws of 1922, it is provided that: "The clerks of the chancery and circuit court shall begin

to receive the fees fixed by section 2 in full compensation for their services from and after the first day of the calendar month next succeeding the passage and approval of this act," etc.

Section 2 of this act contained no provisions for any fees to such chancery and circuit clerks at all. Section 3 of the act further provided:

"The sheriffs and tax collectors shall begin to receive the fees in full compensation for their services as fixed by section 2 of this act, December 1, 1922, the salaries of the sheriffs and tax collectors and the deputies of sheriffs and tax collectors shall continue as fixed by chapter 122 of the acts of 1920 until the first day of December, 1922. All of the provisions of chapter 122 of the acts of 1920 applying to sheriffs and tax collectors and their deputies and their compensation for services rendered, and as to the application and disposition of all fees and commissions collected by sheriffs and tax collectors are hereby continued in force until December 1, 1922," etc.

The act made special provision for additional fees for the sheriff for certain services not necessary to be set out here. Section 6 of the act (chapter 160, Laws of 1922) made specific provisions for the salary of chancery clerks as county auditors ranging from not exceeding four hundred dollars per annum to not exceeding two thousand dollars per annum, according to the assessed valuation of the property in the county. This act (chapter 160, Laws of 1922), in section 7 thereof, expressly repealed chapter 102, Laws of 1916, and chapter 122, Laws of 1920, and all other acts in conflict with that act.

A serious question has arisen as to the constitutionality of the first section of chapter 160, Laws of 1922, on account of the failure of the legislature to set out the fees intended to be restored as required by section 61 of the Constitution. The legislature of 1924 passed a curative act to ratify and validate the acts of the officers in receiving and using the fees provided for in chapter 160, Laws of 1922. This special act is section 1, chapter 206, Laws of 1924.

Section 2, chapter 206, Laws of 1924, provided: "That the sheriffs and tax collectors, chancery clerks and circuit clerks, and the deputies of said officers, of the several counties of the state of Mississippi, shall receive as compensation for their services rendered in the performance of their duties as imposed by law upon such officers, the following fees, commissions and salaries, *and such officers shall be paid exclusively from such fees, commissions and salaries as herein provided, for all services rendered by them in the performance of all duties required by law to be* performed by said officers," etc. Italics ours.)

It looks to me like it is too plain for doubt that this part of the section clearly cuts the officers off from any additional compensation for any duty required of them to be performed by said law; the chancery clerks and other officers named have fixed fees specifically set out in the act. These specific fees are increased in many cases over the fees allowed prior to the enactment of the salary law of 1916. The salary of the chancery clerk as county auditor is specifically named in the act, and the amounts graded according to the assessed valuation of the property in the several counties. The amounts allowed the county auditor are considerably higher than the amounts allowed in section 348, Code of 1906 (Hemingway's Code, section 3721). The maximum amount under the Code of 1906 was five hundred dollars. Under the Law of 1924, the maximum amount is two thousand dollars. Under the Code of 1906, the minimum amount was one hundred dollars, whereas, under the Law of 1922 and under the Law of 1924, it was four hundred dollars.

So it will be seen that the legislature under the last acts was completely covering the subject-matter.

This act (chapter 206, Laws of 1924) did not specifically follow the schedule of fees existing prior to 1916, and it is impossible to believe that the legislature was trying to reinstate the law prior to 1916 in the act of 1924, but the legislature was amending the law to conform to its idea of the conditions then existing and what

was a reasonable compensation for the services to be per-
formed under conditions then existing. It is probably
true that the legislature fixed the salaries at less than a
fair compensation in some of the counties under condi-
tions said now to exist, but this is a question entirely for
the legislature. The courts have nothing to do with the
question, and are not authorized to raise salaries by con-
struction to bring about a remedy for a real or imaginary
evil. Every county has at least one representative in
the legislature. Such representative is supposed to be
cognizant of the conditions in his county, and the legis-
lature is supposed to have a more intimate knowledge
of conditions throughout the state with reference to such
conditions than the courts.

The rule is well settled in this state that: "A statute
existing may be repealed without being specifically and
directly referred to, where the legislature enacts a new
statute covering the field covered by the former act, al-
though there is some difference in the provisions of the
two statutes." *State* v. *Wyoming Manufacturing Co.*
138 Miss. 249, 103 So. 11.

In the *Wyoming Manufacturing Co. case, supra,* the
court further held: "In the case of *Meyers* v. *Marshall
County,* 55 Miss. 347, the rule is stated in the following
language: 'We regard this act as a revision of the whole
legislation on the subject of the fees of the officers em-
braced in it, and as precluding the assertion of any right
on their part not given, or distinctly recognized, by the
act. *Mobile & Ohio R. R. Co.* v. *Weiner,* 49 Miss. 725.
"A subsequent statute, not repugnant in its provisions
to a former one, but clearly intended to prescribe the
only rule in the case provided for, repeals the former
statute." *Swann* v. *Buck,* 40 Miss. 270.'

"In *M. & O. R. Co.* v. *Weiner,* 49 Miss. 739, this court
held: 'The general rule is that when any statute is re-
vised, or when one statute is framed from another, some
parts being omitted, the parts omitted are to be con-
sidered as annulled. For it must be presumed that the
legislature has declared its entire will, otherwise there

must be imputed to them gross carelessness or ignorance. Sedgwick on Statutes, 429. . . . The eighth section of the Code (of 1871) was introduced, out of abundant caution to free the subject of all doubt or perplexity, so that it would be easy to determine what were the statute laws of a general nature in force. "If the subjects are revised and consolidated," then all the parts of former statutes, on the same subject, which are omitted, ceased to operate on the first day of October, 1871.'

"In *Vicksburg* v. *Sun Mutual Insurance Co.*, 72 Miss. 67, 16 So. 257, it is said: 'It is said in *Railroad* v. *Weiner*, 49 Miss. 725, adopting the language of the supreme court of Massachusetts, "that a subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former." '

"In *Clay County* v. *Chickasaw County*, 64 Miss. 534, 1 So. 753, it is said: 'Here, then, are two statutes on the same subject and for the same purpose, and the last, under which the new county was in fact created, omitting the provision contained in the first, that the new county should receive its proportion of the county and school funds from the old counties. The general rule is that when any statute is revised, or when one statute is framed from another, some parts being omitted, the parts omitted are to be considered as annulled. Where a statute is evidently intended to revise the whole subject treated in a former statute, and to be a substitute therefor, it repeals such former statute, and, though there may be a plain *casus omissus*, the courts cannot supply it. Sedgwick on Con. of Stat. and Const. Law, 365, 366, and note; *M. & O. R. R. Co.* v. *Weiner*, 49 Miss. 725. Without provision being made to the contrary, the new county was not entitled to any part of the county or school funds or other public property which did not fall within its boundaries. They belonged to and continued to be the property of the old counties after the separa-

tion. The creation of new counties is a matter within the power and discretion of the legislature, subject only to the restrictions imposed by the Constitution.'

"When we consider the rules herein announced and apply them to the statutes involved in this controversy, we are driven to the conclusion that the legislature was dealing with the whole subject of the filing, notice, correction, objections, and approval of the assessment roll. It is true the new act gives less time to the taxpayer to examine the rolls than the former acts. But, as the board of supervisors has made the preliminary changes and corrections which it deemed necessary to make, the taxpayer has ample time before the August meeting to advise himself as to how his property will be affected."

I think, therefore, that it is perfectly clear that the legislature prescribed the only compensation it intended, and that it did not intend to re-enact section 2206, Code of 1906 (Hemingway's Code, section 1891), I think that it is too clear for doubt that said section was repealed by the salary law, but, if not repealed by that law, it is certainly repealed by the last act (chapter 206, Laws of 1924), which undertook to set out specifically what fees the chancery clerks and county auditors would receive, and, regrettable as it is to so hold, I see no way to avoid this conclusion. I am aware of the fact that the duties of the chancery clerks and of the county auditors have been greatly increased by statutes during the past few years providing for county depositories and for different school and road districts and other taxing districts, requiring a great deal of bookkeeping and a greatly increased amount of clerical work.

For the reasons above indicated, I think the judgment should be reversed.

ANDERSON, J., concurs in this dissent.